IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN CORLISS, : | |
|     Petitioner, : | |
| : | 1:15-cv-00046 |
| v. : | |
| : | Hon. John E. Jones III |
| DONNA ASURE, *et al.,* : | |
|     Respondents. : | |

# **MEMORANDUM**

### **February 3, 2015**

Petitioner, Justin Corliss, an inmate currently confined at the Monroe County Correctional Facility, in Stroudsburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). He challenges ongoing state criminal proceedings in the Court of Common Pleas of Monroe County. (Doc. 1). The petition has been given preliminary consideration and, for the reasons discussed below, will be dismissed without prejudice. *See* Rules Governing Section 2254 Cases, Rule 4.[1]

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, habeas corpus petitions must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although the instant petition is governed by 28 U.S.C. § 2241, the Court may apply the 28 U.S.C. § 2254 rules "to a habeas corpus petition not covered by Rule 1(a)" of the § 2254 rules. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

I.   **BACKGROUND**

   *A.   State Court Proceedings*

The Court has reviewed the habeas petition and the state court docket[2] in the Court of Common Pleas of Monroe County and ascertained the following.

On August 13, 2013, Petitioner was charged by the Pennsylvania State Police with aggravated indecent assault of a person less than thirteen (13) years of age, indecent assault of a person less than thirteen (13) years of age, corruption of minors, and endangering the welfare of children. (Doc. 1); *see also Commonwealth v. Corliss*, CP-45-CR-0002173-2013, Criminal Docket Sheet.

On August 16, 2013, bail was set at $25,000.00. *Commonwealth v. Corliss*, CP-45-CR-0002173-2013. Bail was revoked on August 22, 2013. *Id.*

On October 23, 2013, a Criminal Information was filed. *Id.*

Petitioner states that on January 7, 2014, all counts in the Information were dismissed, except the counts of aggravated indecent assault. (Doc. 1, pp. 3-4).

Petitioner filed motions in the state court pursuant to Pennsylvania Rule of Criminal Procedure 600, which were denied.[3] *Commonwealth v. Corliss*, CP-45-CR-0002173-2013.

---

[2] *See* Pennsylvania's Unified Judicial System Webportal, Common Pleas Courts Docket Sheets, available at: http://ujsportal.pacourts.us/DocketSheets/CP.aspx

[3] 234 Pa. Code Ch. 6, Rule 600. Prompt Trial.

Petitioner filed several interlocutory appeals in February, April, May, July, August, and December, 2014. *Id*. The petitions were ultimately denied. *Id*.

Petitioner filed numerous other pretrial motions, including motions for recusal of the trial court judge, motions for release on bail and modification of bail, petitions for writ of habeas corpus, motions seeking payment for experts, motions for contempt, and motions to dismiss. *Id.* Though not readily apparent from the criminal docket sheet, these motions appear to have been denied. *Id.*

The Commonwealth filed a motion in limine, motions for allowance of compensation, and an interlocutory appeal. *Id.* It appears as though the motions for compensation were granted while the other motions were denied. *Id.*

Petitioner's case has been set for trial on several occasions. *Id.* However, trial dates have been continued and the matter is currently awaiting trial in the Monroe County Court of Common Pleas. *Id.*

Petitioner's criminal docket sheet reveals that the most recent activity in his case was a January 6, 2015 Order denying a motion for reconsideration. *Id.*

B.    *Habeas Petition*

On January 5, 2015, Petitioner filed the instant action in which he "seek[s] release from a time-barred prosecution". (Doc. 1, p. 1). Petitioner claims that the underlying criminal charge is barred by the statute of limitations and the evidence

does not establish the elements of the crime of aggravated indecent assault.  (Doc. 1, pp. 4-6).  Petitioner further claims that his right to Due Process as guaranteed by the Fourteenth Amendment of the United States Constitution, right to be free from excessive bail as guaranteed by the Eighth Amendment, and right to a speedy trial as guaranteed by the Sixth Amendment and Pennsylvania Rule of Criminal Procedure 600, have been violated.  (Doc. 1, pp. 3, 8).

For relief, Petitioner requests that this Court's intervene in his state criminal proceeding by declaring that the underlying criminal charge is barred by the statute of limitations, and the evidence of record does not establish the requisite elements of the offense.  (Doc. 1, pp. 8-9).  Further, Petitioner seeks immediate release, expungement of all criminal records, and monetary relief.  (Doc. 1, p. 9).

## II. DISCUSSION

### A. *Younger Abstention*

Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. City of New Orleans*, 491 U.S. 350, 358 (1989).  Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982).  In

*Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yi Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware County, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.*

The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. The exceptions are to be narrowly construed.

*Hall v. Pennsylvania*, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Township of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

In the present matter, it is clear that all three *Younger* criteria are met. First, there is an ongoing state criminal prosecution of Petitioner regarding which his request for relief would interfere. Second, the state proceedings implicate the important state interest of enforcing its criminal laws. To the extent that Petitioner is seeking to dismiss the charges for lack of a speedy trial, insufficiency of the evidence, and as time-barred, these proceedings clearly implicate important state interests. Third, Petitioner has an opportunity to raise his claims in his state criminal proceedings.

Further, Petitioner has failed to show that he falls within any of the narrow exceptions to the *Younger* doctrine.

This Court may assume that the state procedures will afford an adequate remedy. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans*, 959 F.2d at 1234.

It is clear that Petitioner's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention and the instant habeas action does not raise the type of extraordinary circumstances contemplated under *Younger*. Accordingly, it is appropriate to abstain from entertaining the petition out of deference to the state judicial process. *See, e.g., Everette v. Warden of Dauphin County*, 2010 WL 1485722 (M.D. Pa. 2010) (holding that the *Younger* elements were met regarding the petitioner's contention that his speedy trial rights were being violated by the state criminal court).

B.   *Speedy Trial Claim*

State prisoners may challenge their pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241, however a federal court cannot provide habeas review for pre-trial claims if the petitioner is attempting to abort his state criminal proceeding because such adjudication would constitute " an attempt to litigate constitutional defenses prematurely in federal court." *See* 28 U.S.C. § 2254(b); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975); *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 493 (1973) (habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction but, in certain circumstances, a habeas petition is appropriate to demand enforcement of a state's constitutional obligation

to provide a speedy trial).  Federal habeas review of a speedy trial claim prior to a conviction is available only when a petitioner is asking the state courts to enforce "the state's constitutional obligation to bring him promptly to trial" and when the petitioner has made this request to the state courts.  *McDowell v. Chesney*, 2004 WL 1376591, *5 (D.Del. 2004) (quoting *Braden*, 410 U.S. at 489-90).

In the instant case, Petitioner is not demanding that the state court be required to promptly bring him to trial.  Rather, he seeks immediate release and the dismissal of all charges.  To the extent that Petitioner is requesting immediate release and dismissal of charges, he is improperly attempting to abort a state criminal proceeding.  Therefore, federal habeas review is unavailable unless Petitioner has exhausted state remedies or he demonstrates extraordinary circumstances permitting habeas relief prior to state exhaustion.

Petitioner has filed motions for a speedy trial in the state court.  However, Petitioner has also filed numerous interlocutory appeals and motions, presumably resulting in the continuance of his trial.  Accordingly, much of the delay is largely attributed to Petitioner.  *See United States v. Loud Hawk*, 474 U.S. 302, 316 (1986) ("A defendant who resorts to an interlocutory appeal normally should not be able upon return to the district court to reap the reward of dismissal for failure to receive a speedy trial.").  Further state review of Petitioner's speedy trial claim is

available because he can raise this claim on direct appeal in the event of a conviction. *See McDowell*, 2004 WL 1376591 at *5 (citing *Moore*, 515 F.2d at 444). Petitioner has not identified circumstances that would warrant this Court's intervention in his state court action. *See Moore*, 515 F.2d at 449 (concluding that extraordinary circumstances did not exist to permit adjudication of petitioner's speedy trial claim because he "will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and any subsequent appellate proceedings in the state courts").

## III. CONCLUSION

Based on the foregoing, the habeas corpus petition will be dismissed without prejudice. An appropriate Order follows.